Martiñ, J.
delivered the opinion of the Court. 1 . plaintiffs caused several lots to be put to auc- . . . tion, instructing the vendue master to give notice that the purchaser of each lot, on which there was part of a ditch should be bound to fill it up with the earth on both sides within thirty days. The deed of sale guaranteed the right of taking this earth, but as on some of the lots there was not a sufficient quantity of earth for the purpose, and on others more, the surplus earth on the latter might be used for the benefit of the former.
T h e ditch intersected two lots purchased by the defendant, and by a plan of the premises, making part of the statement of facts, there appears to be a surplus of earth on the lot, adjoining that of the defendants, purchased by Joseph Tricoii.
By one of the clauses of the deed of sale the defendant acknowledged himself in due possession, the same “ having been delivered to him, at the *597 “ moment of the adjudication, renouncing in. this “ respect to the benefit of the laws relating to de- “ livery of possession, and the delay «which they ‘grant to shew that it was not given, in the same “ manner, as if such delay was expired.”
East. District.
May 1815.
Within the thirty days, the defendant began to take earth from Tricou’s lot, but was prevented by him. On thh, he called on the Mayor, who after viewing the premises, advised an application to the City Council, who, he said, would compel Trieou to forbear preventing the defendant. The Council directed their surveyor to make the necessary operations, in order to ascertain whether there was any surplus earth on Tricou’s lot.
NothiNg more appears to have been done, by the defendant-or Council : but the perpetual rent, which was the consideration of the sale of the lots to the defendant, being unpaid, the present suit was instituted for the recovery of the sum in arrear.
The defendant contends he was not bound to pay, as the plaintiffs have nqt compelled Tricon to suffer him to take earth on his fot. The Court below expressed an opinion, unfavourable to the plaintiffs’ recovery on the ground that “they had not “ been able to secure to the defendant, the means “ of improving his lots, in conformity to the contract “ of sale : it being a point of law, that the obliga *598 «tion of delivering the thing sold, includes the “ accessories and dependencies, designated and “ specified in the act of sale,”
There was a verdict and j udgment for the defendant, on which the plaintiffs appealed.
The defendant having acknowledged in the deed of sale, that possession was delivered to him at the moment of the adjudication, and having, renounced the laws, under which he might have availed himself of th^ want of a delivery of possession, must be stopped now from denying that the possession was delivered him, and while he does not qualify the possession which he acknowledges to have received, we must understand an absolute possession of every thing that was to be delivered. He cannot, therefore, justify his failure to comply with the obligations his contract imposes on him, on the ground that the plaintiffs have not complied with the principal obligation of the vendor, the delivery of the thing.
It is true the faculty of taking earth from certain lots is guaranteed, and if he~ be disturbed therein the plaintiffs must protect him : but this protection is only against lawful disturbances, the vendor does not warrant against tortious disturbances. Tricou does not claim any right under the plaintiffs, at variance with that which they have guaranteed to the defendant. , He purchased at the *599 same sale, and if he rep. Is the defendant, it is on 1 _ the ground that in his judgment there is no sur-p!us earth on his lot.
Now, after complying with the original obligation of the contract of sale, by delivering the thing sold, the vendor is entitled to the price, and if any succeeding event gives rise to new obligations, the vendee may be entitled to damages pro tanto. In the present case, even this does not appear, the judgment of the Court below must be reversed and there must be judgment for the plaintiffs for the arrearages due, with interest from the date of the petition.